Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 This is a suit in equity, for the sale or partition of certain real estate, situated within the District of Columbia, of which Miles Kelly wTas seized at the time pf his death, in March, 1862. The deceased died intestate, and without issue, leaving surviving him, in the United States, a widow, Ellen, and two sisters,.Ellen Owen and Margaret Kahoe. The widow claimed the entire estate, after the payment of the
 
 *498
 
 debts of the deceased, to the exclusion of the sisters, who Claimed that they were eutitled, as his heirs-at-law, to a share of the same. The court rendered a decree in favor of the widow, and the sisters appealed'to the Supreme Court of the District, where the decree was reversed, the latter court holding that the sisters were entitled to a share of the estate.
 

 The case turns upon the construction given to the second section of the act of Congress of February 10th, 1855, which declares “ that any woman, who might lawfully be naturalized under the existing laws, married, or who shall be married to a citizen of the United States, shall be deemed and taken to be a citizen.”
 
 *
 

 As we construe this act, it confers the privileges of citizenship upon women married ,to citizens of the United • States, if they are of the class of persons for whose naturalization the previous acts of Congress provide. The terms “married,” or “ who shall be married,” do not refer, in our judgment, to the time when the ceremony of marriage is celebrated, but to a state of marriage. They mean that, whenever a woman, who under previous acts might be naturalized, is in a state of marriage to a citizen, whether his citizenship existed at the passage of the act or subsequently, or before or after the marriage, she becomes, by that fact, a citizen also. His citizenship, whenever it exists, confers, under the act, citizenship upon her. The construction which would restrict the act to women whose 'husbands, at the time of marriage, are citizens, would exclude far the greater number, fox; whose benefit, as we think, the act was intended. Its object, in our opinion, was to allow her citizenship to follow that of her husband, without the necessity of any application for naturalization on her part; and, if this was the'objeet, thex’e ,is no x’eason for the resti’iction suggested.
 

 The terms, “ who might lawfully be naturalized under the existing laws,” only limit the application of. the law to free white women. The px’evious natux’alization act, exist
 
 *499
 
 ing at the time, only required that the person applying for its beueñts should be “a free white person,” and not an alien enemy.
 
 *
 

 A similar construction was given to the act by' the Court of Appeals of New York, in
 
 Burton
 
 v.
 
 Burton,
 

 †
 

 and is the one which gives the widest extension to its provisions.
 

 It follows, from these views, that the widow and the two sisters were citizens of the United States upon the decease of the intestate husband. The widow and Margaret Kahoe became such on the naturalization of their respective husbands, and Ellen Owen became such on her marriage. The sisters are therefore entitled to share with the widow in the estate of the deceased, and the decree of the Supreme Court of the District must be
 

 Affirmed. ■
 

 *
 

 10 Stat. at Large, 604.
 

 *
 

 Act of April 14th, 1802, 2 Stat. at Large, 153.
 

 †
 

 38 New York, 373.