THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v. MICHAEL NEWELL, RESPONDENT.

*Naturalization of children of resident aliens — when effected by the marriage of their mother with a naturalized alien — U. S. Revised Statutes, secs. 1994, 2172.*

The defendant was born in Ireland, of alien parents, who, when he was four years old, emigrated to this country and became residents of this State. The father died here when the defendant was eight years old. Afterwards, and in August, 1861, his mother married one Regan, who was then an alien and resident of this State. Afterwards, and when the defendant was sixteen years old, and while he and his mother were living in this State with Regan, the latter was duly naturalized under the act of congress.

*Held*, that as the mother by her marriage with Regan, became, under section 1994 of the United States Revised Statutes, a citizen of the United States, the defendant also thereby became a citizen thereof, by virtue of section 2172 of the United States Revised Statutes, which provides that "the children of persons who have been duly naturalized under any law of the United States * * * being under the age of twenty-one years at the time of the naturalization of their parents shall, if dwelling in the United States, be considered as citizens thereof."

APPEAL from a judgment, entered upon the decision of the Erie County Special Term, dismissing the plaintiff's complaint.

*Denis O'Brien*, attorney general, and *J. H. Humphrey*, for the people.

*Day & Romer*, for the respondent.

BARKER, J.:

The mayor of the city of Buffalo was empowered and required to appoint two commissioners of police for that city. (Laws of 1883, chap. 359.) In the exercise of the authority thus conferred, he did, on the 7th of May, 1885, in due form, appoint the respondent to that position, who thereupon took the official oath as prescribed by said act and assumed the duties of that office.

The people claim that the respondent is ineligible to the office and for that reason he should be ousted therefrom. This is the only question presented on this appeal and the facts on which its decision depends are undisputed.

By the terms of the act the appointee must be a citizen of the

United States and also an elector of this State, and at the time of his appointment a resident of the city of Buffalo. The incumbent was born in Ireland, of alien parents, who emigrated to this country when he was four years of age and they became residents of this State, he living with them until the death of his father, which occurred when he was eight years old. Afterwards, and on the 13th of August, 1861, his mother intermarried with one Thomas Regan, then also an alien and a resident of this State, but he was duly naturalized, in pursuance of the laws of congress, on the 4th of October, 1864. At this time the respondent was sixteen years of age and he, his mother and Regan, were all residents of the city of Buffalo. The defendant never, by any proceeding on his part, sought to comply with the laws of the United States relating to the naturalization of aliens.

When Regan, the husband of the defendant's mother, became a citizen by virtue of his naturalization, she also immediately became a citizen, by force of an act of congress passed in 1855, now section 1994 of the United States Revised Statutes, which is as follows: "Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized shall be deemed a citizen." (*Kelly* v. *Owen*, 7 Wall., 496; *Burton* v. *Burton*, 1 Keyes, 359; *Kane* v. *McCarthy*, 63 N. Car., 299.) This the learned attorney general admits.

The defendant contends, as he was under the age of twenty-one when his mother became a citizen, and being also at that time a resident of the United States, the privileges and rights of citizenship were conferred upon him "*ipso facto, et eo instanti,*" by virtue of the provisions of section 2172, United States Revised Statutes, which declares that "the children of persons who have been duly naturalized under any law of the United States * * * being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof." This position is contested by the people and the attorney general argues, that as the defendant was alien born he could not become a citizen without action on his part in compliance with section 2167 which provides for the naturalization of minors who become residents of the country under the age of eighteen years.

The question is a novel one, never having been directly passed

upon by any adjudication in the courts of this State. It has, how-
ever, been directly under consideration and adjudicated in some of
the federal circuit courts, and in those cases the defendant's position
that he became a citizen by force of the statute (sec. 2172), at the
time citizenship was conferred upon his mother, is fully sustained.
Under the Constitution of the United States, congress has exclusive
jurisdiction over the subject of naturalization, to the exclusion of the
States. Under the power thus conferred congress has enacted a
system of laws for the purpose of conferring citizenship upon aliens.
Under such laws, a class of persons who are aliens are made citi-
zens, by force and operation of the statute without any action on
their part, as for instance, a woman who intermarried with a citizen,
and the children of persons who have been naturalized upon their
own application and they being under the age of eighteen at the
time of the naturalization of their parents. Another class of per-
sons may become citizens by instituting proceedings in a court of
record and proving the facts which are required to be established
by the statute as a condition to the right of citizenship.

It is the duty of the court to give these laws a fair and reasonable
construction and to secure harmony in their operation whenever the
same can be done without disregarding any positive provision or
necessary intendment of the statute, and to reject any construction
which would make one section inconsistent with the other relating
to the same subject. It is the citizenship of the parents which
operates to confer citizenship on their children. In the original
act of 1802, now brought forward and incorporated in title 30 of
the Revised Statutes, the word "naturalized," as it occurs in the
section now number 2172, is used as indicating that the parents have
become citizens, and is not limited to cases where such parents
have become citizens by a compliance with the provisions of the
act of 1802, but is susceptible of a construction which embraces all
cases where the parents of the child became citizens by operation
of any existing law. The law of 1855, now section 1994, has not
placed any limitations or qualifications on the effect of the intermar-
riage by the mother with a citizen, and declares in the most general
terms, that any woman who is now, or may hereafter be married to
a citizen of the United States, and who might herself be lawfully
naturalized shall be deemed a citizen. The words "duly natural-

ized," as used in section 2172, should be construed as having the same meaning as if the words used were "have duly become citizens" and should be construed accordingly. The primary meaning of the word "naturalization" "is the act of investing an alien with the rights or privileges of a native subject or citizen." (Webster.)

In *United States* v. *Keller*, decided in 1882, in the Circuit Court for the Southern District of Illinois, it was held, that by the marriage of a resident alien woman with a naturalized citizen, she, as well as her infant son, dwelling in this country, became citizens of the United States as fully as if they had become such by the special mode prescribed by the naturalization laws. In that case Keller was indicted for illegal voting. His parents were aliens, being subjects of Prussia, and his father died without ever having been in this country. Subsequently his mother removed to the United States, bringing her infant son with her, and in 1868 she intermarried with a naturalized citizen. Keller claimed, as he was under the age of twenty-one years when his mother married a citizen of this country, he, by force of the act of 1855, was immediately invested with the privileges of citizenship, and as he was otherwise qualified by the laws of the State of Illinois to become an elector, he was not guilty of any offense. As this decision was rendered by Mr. Justice HARLAN, one of the highest judicial officers in the federal system of courts, and involves the construction of an act of congress, we readily adopt his views as they are in accord with our own interpretation of the same laws. As a general rule, when the question to be determined arises as to the proper construction to be placed upon an act of congress the State courts follow the interpretation given to the same by the federal courts.

In *Leonard* v. *Grant* (5 Fed. Rep., 11), it was held, that by section 1994, where an alien woman marries a citizen such marriage has the same force and effect as if such woman had been naturalized by the judgment of a competent court in pursuance of the naturalization laws. (See, also, opinions of the Attorney General, vol. 14, page 402.)

The judgment should be affirmed, with costs.

SMITH, P. J., and BRADLEY, J., concurred.

Judgment affirmed, with costs.