*In re* PANZARA *et al.*

*(District Court, E. D. New York. June 1, 1892.)*

1. IMMIGRATION — SUPERINTENDENT'S DECISION — HABEAS CORPUS — JURISDICTIONAL QUESTION.
   The power of the federal superintendent of immigration to return passengers is confined to "alien immigrants," and the question whether persons ordered to be returned are of that description is jurisdictional, and may be determined by the courts on *habeas corpus.*

2. SAME—UNNATURALIZED RESIDENTS RETURNING FROM VISIT.
   One who is a resident of the United States, though of foreign birth, and not naturalized, and who is returning from a visit to the country of his birth, is not an alien-immigrant within the meaning of the laws regulating immigration.

At Law. Application of Angelo Panzara and others for a writ of *habeas corpus.* Petition discharged.

*The United States District Attorney,* for superintendent of immigration.
*David Humphreys,* for petitioners.
*Wing, Shoudy & Putnam,* for master of the Cheribon.

BENEDICT, District Judge. The petitioners, six in number, joined in a petition for a writ of *habeas corpus* addressed to the master of the ship Cheribon, in order that the legality of their detention by that master might be inquired into by this court. The master produced the petitioners in accordance with the writ, and made return that "the above-named persons had been placed in his custody as master of said steam-

ship, and on board thereof, by the direction of the superintendent of immigration of the port of New York, to be sent back to Italy." To this return the petitioners made answer that they are not alien immigrants, but are residents of the United States, where they have acquired a domicile; and that, when returning to their respective homes in the United States from a voyage to Italy, undertaken by them with the intention of returning to the United States, they were unlawfully detained and directed to be sent back to Italy by the superintendent of immigration. Thereupon it was directed that the testimony of each petitioner be taken by the clerk, and that notice of the time and place of taking such testimony be given to the master of the ship, and also to the superintendent of immigration. The testimony of each of the petitioners was thereupon taken before the clerk; the master of the ship being there represented, but no one appearing for the superintendent of immigration. Upon the testimony of the petitioners so taken the hearing was had. At the hearing, the assistant district attorney being present and speaking for the superintendent of immigration, leave was given to cross-examine any of the petitioners. The assistant district attorney declining to cross-examine any of the petitioners, the hearing proceeded upon the uncontradicted testimony of the respective petitioners. The only argument made was in behalf of the petitioners. The question to be decided is whether this testimony shows a case where the superintendent of immigration had jurisdiction to direct the return of these petitioners to Italy. No other question can be determined by this court. From the testimony it appears in respect to each petitioner that he is not an alien immigrant, but a resident of the United States; that when detained by order of the superintendent of immigration he was on his way from Italy to his place of abode in the United States; and that his voyage to Italy was undertaken with intent to return to the United States, where he resided. Upon this testimony it must be held to have been shown in regard to each petitioner that he was not an alien immigrant; and, that fact appearing, even if it be assumed that the petitioner was born in Italy, and had never been naturalized, it must nevertheless be held that the order of the superintendent of immigration set up in the master's return is void for want of jurisdiction. The statute conferring power upon the superintendent of immigration to order the return of persons arriving in the United States from foreign countries confines his power to alien immigrants. He has no jurisdiction to direct the return to a foreign country of a person not an alien immigrant. The question whether the petitioner is an alien immigrant is therefore a jurisdictional one, and the finding of the commissioner upon that question is not conclusive upon the courts. That question, when presented to the court by a petition for *habeas corpus*, must be decided by the court upon the evidence presented to the court in such proceeding. And when, as here, the uncontradicted testimony presented shows in respect to each of the petitioners that he is not an alien immigrant, it becomes the duty of the court to declare the order of the superintendent of immigration that the petitioner be returned to Italy to be void, and therefore

affording no legal ground for the detention of the petitioners by the master of the ship. The petitioners must therefore be discharged, but the order will not be carried into effect until sufficient time has elapsed to enable an appeal to be taken from this decree. In case an appeal be taken, any petitioner may be released on giving a recognizance with surety in the sum of $100 for appearance to answer the judgment of the appellate court.