### In re GAYDE.

(Circuit Court, S. D. New York. December 23, 1901.)

ALIENS—EXCLUSION OF IMMIGRANTS—CONCLUSIVENESS OF DECISION.

Permission given an immigrant to go on shore temporarily while awaiting the action of the board of special inquiry, does not release such immigrant from the obligation of satisfying the board of the right to land; and its adverse determination, where the immigrant is conceded to be an alien, is not reviewable by the courts under act March 3, 1891.

Petition by Paulina Schmidt Gayde for Writ of Habeas Corpus.

Joel M. Marx, for the writ.
Lorenzo Ullo, opposed.

LACOMBE, Circuit Judge. Upon her own statement it is manifest that petitioner is not a citizen. The question whether or not she is an immigrant is one no longer open for determination by the courts as it was when the cases of In re Martorelli (C. C.) 63 Fed. 437, and In re Maiola (C. C.) 67 Fed. 114, were decided, where it is conceded that the person is an alien. All decisions of the inspecting officers touching the right to land, when adverse to such right, are made final, except by appeal to the superintendent and secretary of the treasury. Act March 3, 1891. The return does not specifically set forth the facts as to her alleged landing, but, assuming them to be as alleged in the petition,—that an inspector allowed her to go ashore, where she remained a few hours, taking a meal, and then returned to the office, before action by the board of special inquiry,— I do not think she was thereby released from the obligation of satisfying the board that she was not likely to become a public charge.

The writ is dismissed.