## In re GONZALEZ.

### (Circuit Court, S. D. New York. October 7, 1902.)

**1. CITIZENSHIP—NATIVES OF PORTO RICO—RIGHT TO ENTER UNITED STATES.**
A native of Porto Rico did not become a citizen of the United States by virtue of the treaty of Paris, or Act April 12, 1900, providing for the government of the island, and is subject to all the provisions of law regulating the admission of aliens into the United States.

Petition of Isabella Gonzalez for Writ of Habeas Corpus.

Charles E. Le Barbier, for the writ.
Edw. Van Ingen, opposed.

LACOMBE, Circuit Judge. Petitioner, an unmarried woman, is a native of Porto Rico, 20 years of age, who arrived here from that island on August 24, 1902. She was detained at Ellis Island immigrant station, was duly examined by a board of special inquiry, and was excluded from admission into the United States upon the ground that she was liable to become a public charge.

The only question open for discussion on this application is whether or not petitioner is an alien. Upon all other questions the decision of the appropriate immigration officers, when adverse to the admission of the alien, is made final, unless reversed on appeal to the secretary of the treasury. Act Aug. 18, 1894, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303]. It is true that this court held to the contrary in Re Martorelli, 63 Fed. 437, following In re Panzara (D. C.) 51 Fed. 275; but the act of 1894 was not before it. The Martorelli Case was decided in October, 1894, before the statutes of that year were published.

The fourteenth amendment to the constitution provides that all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States. It is not disputed that petitioner was by birth an alien. Unless in some appropriate way she has since been naturalized, she is still an alien. There is no suggestion that she was ever naturalized under the general laws prescribed by congress regulating the admission of aliens to citizenship. The treaty of Paris, unlike earlier treaties which dealt with the Louisiana and Florida purchases, with California, and with Alaska, did not undertake to make the native-born inhabitants of Porto Rico citizens of the United States. It expressly provided that:

"The civil rights and political status of the native inhabitants of the territories hereby ceded to the United States shall be determined by the congress."

In conformity with this provision of the treaty it was provided in Act April 12, 1900, c. 191, § 7:

"That all inhabitants continuing to reside therein who were Spanish subjects on the eleventh day of April, 1899, and then resided in Porto Rico, and their children born subsequent thereto, shall be deemed and held to be citizens of Porto Rico, and as such entitled to the protection of the United

¶ 1. Citizenship and alienage under federal and state laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.

States (excepting such as had preserved their allegiance to Spain), and they, together with such citizens of the United States as may reside in Porto Rico, shall continue a body politic under the name of 'The People of Porto Rico,' with governmental powers as hereinafter conferred and with power to sue and be sued as such."

This legislation has certainly not operated to effect a naturalization of the petitioner as a citizen of the United States. Being foreign born and not naturalized, she remains an alien, and subject to the provisions of law regulating the admission of aliens who come to the United States.

The writ is dismissed.