HOPKINS, U. S. Marshal, et al. v. FACHANT.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1904.)

No. 1,003.

1. ALIENS—DEPORTATION—POWERS OF ADMINISTRATIVE OFFICERS.

The Alien Immigration Act of March 3, 1903, c. 1012, § 21, 32 Stat. 1218 [U. S. Comp. St. Supp. 1903, p. 180], does not confer authority on the Secretary of the Treasury to arbitrarily order the deportation of an alien who has entered this country and become a part of its population without giving such alien an opportunity to be heard on the questions involving his or her right to be and remain in the United States in such manner as is consistent with the principles that inhere in due process of law.

2. SAME—MARRIAGE OF ALIEN TO CITIZEN—RIGHT TO DISCHARGE FROM CUSTODY.

Where an alien woman, who has come into this country, pending proceedings for her deportation under the immigration laws, marries a citizen of the United States, she at once takes the status of her husband, and, unless released from custody, is entitled to be discharged on a writ of habeas corpus.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

Appellants take this appeal from an order made by the District Court discharging appellee from custody upon habeas corpus. Her petition for the

¶ 2. Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.

writ of habeas corpus is very lengthy, but the essential points therein may be briefly stated. In said petition it is alleged that Alexander Fachant was born in the republic of France, "but is now, and during all the times herein mentioned was, a naturalized citizen of the United States of America, and has been domiciled in the United States of America for about eighteen years last past, and is now, and during all the times herein mentioned was, a bona fide citizen and resident of the district of Washington"; that in April, 1903, at Paris, this petitioner, at the request of Alexander Fachant, entered into a contract of marriage with him, and that she agreed with him to come to the United States for the purpose of the consummation of such marriage relation; that upon her arrival in the city of Walla Walla, Wash., the said Alexander Fachant refused to make her his lawful wife; that she thereafter brought suit against said Fachant to recover $15,000 damages for the breach of said marriage contract; that said Alexander Fachant made default, but that for reasons stated she had been unable to have a jury trial in order to assess the damages to which she was entitled. It then sets forth the facts in regard to her arrest for the purpose of being deported under the immigration laws of the United States, and alleges that her deportation would be "in violation of the existing treaties between the United States of America and the republic of France," etc.; and she prays upon the hearing of her petition to be released from custody and restored to her liberty. The order of discharge, as made by the court, after a preliminary statement of the appearance of the respective parties, states that appellants herein "having made return ore tenus on behalf of the said respondents, and each of them, to the effect that the said Blanche Masclez had been held and retained in custody by the said Charles B. Hopkins, United States Marshal for the District of Washington, as a detained witness in the case of the United States vs. Alexander Fachant, pending in the District Court of the United States for the District of Washington, Northern Division, in pursuance of a commitment duly issued by United States Commissioner H. B. Strong, and that the said Blanche Masclez had been held and was being held by the respondents, Thomas M. Fisher and J. H. Sargent, immigration officers of the United States, and the Mother Superior of the House of Good Shepherd, as an alien immigrant unlawfully within the United States, and as such subject to deportation to the republic of France, the country whence she came, and under and by virtue of a certain warrant of deportation duly issued by the Secretary of the Treasury of the United States, on the 28th day of May, 1903, directed to the said Thomas M. Fisher, Chinese and immigrant inspector, wherein it is found by the said Secretary of the Treasury that the said Blanche Masclez is an alien immigrant, who landed in the United States at the port of New York, N. Y., on the 2d day of May, 1903, and came into the United States from the republic of France, contrary to the immigration laws of the United States, and commanding him, the said Thomas M. Fisher, as such immigrant inspector, to take into his custody the said Blanche Masclez as such alien immigrant, and return her to the country whence she came, which said warrant of deportation is still in force; and said respondents, in making return to the said writ of habeas corpus, having denied the allegations set forth in said petition herein as to the rights of the said Blanche Masclez to be and remain in the United States. And the court having taken into consideration the evidence admitted upon the trial of the case of the United States vs. Alexander Fachant, together with the fact of the marriage of the said Blanche Masclez to the said Alexander Fachant subsequent to the issuance of the writ herein, and being fully advised in the premises, and having found from a consideration of all the foregoing facts that the said Blanche Masclez is entitled to be and remain in the United States, and therefore not subject to deportation under the writ of deportation heretofore issued by the Secretary of the Treasury of the United States, but entitled to her full liberty: Now, therefore, it is hereby ordered that the said Blanche Masclez, petitioner above named, be, and she hereby is, discharged from the custody of the respondents herein, and restored to her full liberty."

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Asst. U. S. Atty., for appellants.

Silas M. Shipley, Will H. Morris, and Frank S. Southard, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge (after making the foregoing statement). Appellee moves that the appeal herein be dismissed upon the grounds that this court is without jurisdiction to hear and determine the matters involved upon this appeal, for the reason and upon the ground that the determination of the case involves the construction and application of the Constitution of the United States and the constitutionality of the law of the United States passed March 3, 1903, c. 1012, 32 Stat. 1213 [U. S. Comp. St. Supp. 1903, p. 170], being "An act to regulate the immigration of aliens into the United States," and also the construction of the treaty existing between the United States and the republic of France, and the rights of appellee thereunder; and, further, that the right to hear and determine the matters involved upon this appeal is by statute vested in the Supreme Court of the United States exclusively.

It is questionable, to say the least, whether, in the face of all the facts set out in the petition for habeas corpus, especially after her marriage to Alexander Fachant, appellee is shown to have any property rights which would involve any construction of the treaty referred to. But be that as it may, the determination of this case also depends upon other questions, which have no relation whatever with the provisions of the treaty. It is claimed by appellants that the only question involved in this case is, "Did the court below exceed its authority and jurisdiction in interfering with the Secretary of the Treasury in his administration of the immigration laws?" In view of all the facts stated in the petition and contained in the record of the case on appeal, we are of opinion that the motion of appellee to dismiss should be, and is, denied.

Upon the merits of this case appellants contend that Congress, by the act of March 3, 1903, has committed to the Secretary of the Treasury the execution of the law in question, without the aid or intervention of the courts, and has given to the Secretary of the Treasury of the United States power, not only to finally determine what aliens are excluded by the law, and to refuse such a landing, but also the authority to arrest and investigate and send out of the country, within the specified time, any alien immigrant who has secured entrance into the United States in violation of law; and cites the following cases in support of this contention: United States v. Yamasaka, 100 Fed. 404, 40 C. C. A. 454; Nishimura Ekiu v. United States, 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146; Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905; Lem Moon Sing v. United States, 158 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082; Wong Wing v. United States, 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140; Fok Yung Yo v. United States, 185 U. S. 296, 22 Sup. Ct. 686, 46 L. Ed. 917; The Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721. Appellants claim that the court below, under these authorities, should

have denied the writ, and remanded appellee to the custody of appellant Fisher for deportation in pursuance of the warrant of deportation issued by the Secretary of the Treasury. It nowhere appears from the record that appellee has been given an opportunity to be heard before any officer or tribunal, either executive or judicial. The rigid construction of the act suggested by appellants is not justified by any of the decisions cited. In The Japanese Immigrant Case, 189 U. S. 86, 99, 100, 23 Sup. Ct. 611, 47 L. Ed. 721, the question herein involved was fully discussed. In the course of the opinion the court said:

"It has been settled that the power to exclude or expel aliens belonged to the political department of the government, and that the order of an executive officer, invested with the power to determine finally the facts upon which an alien's right to enter this country or remain in it depended, was 'due process of law. and no other tribunal, unless expressly authorized by law to do so, was at liberty to re-examine the evidence on which he acted, or to controvert its sufficiency.' Fong Yue Ting v. United States, 149 U. S. 698, 713, 13 Sup. Ct. 1016, 37 L. Ed. 905; Nishimura Ekiu v. United States, 142 U. S. 651, 659, 12 Sup. Ct. 336, 35 L. Ed. 1146; .Lem Moon Sing v. United States, 158 U. S. 538, 547, 15 Sup. Ct. 967, 39 L. Ed. 1082. But this court has never held, nor must we now be understood as holding, that administrative officers, when executing the provisions of a statute involving the liberty of persons, may disregard the fundamental principles that inhere in 'due process of law,' as understood at the time of the adoption of the Constitution. * * * It is not competent for the Secretary of the Treasury, or any executive officer, at any time within the year limited by the statute, arbitrarily to cause an alien who has entered the country and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here, to be taken into custody and deported without giving him all opportunity to be heard upon the questions involving his right to be and remain in the United States. No such arbitrary power can exist where the principles involved in due process of law are recognized. This is the reasonable construction of the acts of Congress here in question, and they need not be otherwise interpreted. In the case of all acts of Congress such interpretation ought to be adopted as, without doing violence to the import of the words used, will bring them into harmony with the Constitution."

In the recent case of Gonzales v. Williams, U. S. Commissioner of Immigration, 192 U. S. 1, 15, 24 Sup. Ct. 177, 48 L. Ed. 317, which was an appeal by Isabella Gonzales from an order of the Circuit Court of the United States for the Southern District of New York dismissing a writ of habeas corpus issued on her behalf and remanding her to the custody of the United States Commissioner of Immigration at the port of New York (118 Fed. 941), the court, among other things, said:

"As Gonzales did not come within the act of 1891, the commissioner had no jurisdiction to detain and deport her by deciding the mere question of law to the contrary; and she was not obliged to resort to the superintendent or the secretary. Our conclusion is not affected by the provision in the sundry civil act of August 18, 1894, c. 301, § 1, 28 Stat. 372, 390 [U. S. Comp. St. 1901, p. 1303] in relation to the finality of the decisions of the appropriate immigration or custom officers, or the similar provision in the act 'to regulate the immigration of aliens into the United States,' approved March 3, 1903, c. 1012, 32 Stat. 1213 [U. S. Comp. St. Supp. 1903, p. 170]."

Did the court err in discharging appellee from custody? It will be observed by reference to the statement of facts that no particular ground upon which the court below based its order for discharging her is stated; but it does affirmatively appear that pending the application for her release under the writ of habeas corpus she was married to

Alexander Fachant, who is stated in the petition for the writ to be "a naturalized citizen of the United States of America." It is claimed by appellants that this statement was denied by their return to the writ ore tenus, and that no testimony was offered by either of the parties upon the question of his naturalization. But an examination of the facts shows that appellants did not deny this fact in their return to the writ. Their denial was confined to "the allegations set forth in said petition herein as to the rights of the said Blanche Masclez to be and remain in the United States." Her rights to be and remain in the United States under her petition were based solely upon the fact that she had brought suit against Alexander Fachant, who was a man of wealth, for damages for a breach of his promise to marry her, and that he had made default, and that her deportation under those circumstances would deprive her of substantial rights, and be "in violation of the existing treaties between the United States of America and the Republic of France." The court had the right to take the fact alleged in the petition, and not denied by the return, to be true. The rule is well settled that her marriage to a naturalized citizen of the United States entitled her to be discharged. The status of the wife follows that of her husband. Rev. St. § 1994 [U. S. Comp. St. 1901, p. 1268] ; Leonard v. Grant (C. C.) 5 Fed. 11; Kelly v. Owen, 7 Wall. 496, 19 L. Ed. 283; United States v. Kellar (C. C.) 13 Fed. 82; Ware v. Wisner (C. C.) 50 Fed. 310; Broadis v. Broadis (C. C.) 86 Fed. 951. And by virtue of her marriage her husband's domicile became her domicile. Tsoi Sim v. United States, 116 Fed. 920, 54 C. C. A. 154. Upon all the facts of this case, it is apparent that the court did not err in discharging appellee from custody.

The judgment of the District Court is affirmed.