## Ex parte AVAKIAN.

(District Court, D. Massachusetts. November 2, 1910. On the Merits, November 26, 1910.)

No. 346.

1. ALIENS (§ 54*)—IMMIGRATION—ARREST—DEPORTATION WARRANT.

A letter written by a United States immigration commissioner in Canada to a commissioner at Boston, requesting the issuance of a warrant for an alien's arrest in Massachusetts, and stating facts tending to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusion that when the alien was admitted at Halifax she must have been diseased, was insufficient to show, as a basis for the secretary's warrant for the alien's arrest, an application therefor complying with Immigration Regulations, rule 35, par. 3b.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

**2. HABEAS CORPUS (§ 29*)—ALIENS—ARREST—PROCEEDINGS.**

Where neither the application for the warrant of arrest, nor any of the papers on which it was issued, were shown to an alien or her counsel during the hearing, and before the passing of an order for deportation, as required by immigration rule 35e, she was entitled to a writ of habeas corpus to determine the validity of her detention.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 29.*]

On the Merits.

**3. ALIENS (§ 54*)—IMMIGRATION—WARRANT—APPLICATION.**

Where a warrant to arrest an alien alleged to be illegally in the United States was issued on an application made to the department by the immigration commissioner at Montreal, accompanied by a certificate as to the landing of the alien, and a letter transmitting the application and certificate, the warrant was issued on an application duly made in substantial conformity with the rules of the department, and was valid.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

**4. HABEAS CORPUS (§ 97*)—SCOPE OF HEARING—GROUNDS SUBSEQUENT TO WRIT.**

On habeas corpus to determine the legality of the detention of an alien in deportation proceedings, the only question for review is the legality of the alien's detention on the return day of the writ, and matters subsequent thereto are not proper in a traverse to the return.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 97.*]

**5. HABEAS CORPUS (§ 92*)—SCOPE OF INQUIRY—DEPORTATION PROCEEDINGS.**

In habeas corpus to review an alien's detention, the court could consider the record of proceedings subsequent to the return to the writ, only as tending to establish the truth of the return, and hence, if the alien was being held under a warrant issued since the return day, no question as to the validity of that warrant could be considered.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 92.*]

**6. ALIENS (§ 54*)—DEPORTATION PROCEEDINGS.**

Where, in a habeas corpus proceeding to determine the legality of an alien's detention, it did not appear that a letter written by the commissioner requesting petitioner's arrest was ever transmitted to the department, or was before the department when the warrant of arrest was issued, it could not have constituted evidence on which the warrant was issued which the immigration officers were required to disclose to relator or her counsel during the hearing, by immigration rule 35e.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Habeas corpus on petition of Hagop Avakian to obtain the discharge of Haiganoosh Avakian from the custody of the Immigration Commissioner under deportation warrant. Writ discharged, and alien remanded.

See, also, 188 Fed. 694.

John W. Rorke, for petitioner.
William H. Garland, Asst. U. S. Atty.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

188 F.—44

DODGE, District Judge. Whether the writ is to be issued or not is to be determined in this case from the record of proceedings by the immigration authorities under warrants issued by the Secretary of Commerce and Labor, under sections 20 and 21 of the Immigration Act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 904, 905 [U. S. Comp. St. Supp. 1909, p. 459]), for the arrest and deportation of Haiganoosh Avakian. She is an alien, born in Turkey, alleged by the petitioner to be his niece. She entered the United States from Halifax, N. S., in July, 1910, and has since, according to the petition, lived at the petitioner's house in Cambridge as a member of his family.

She is now in the commissioner's custody under a warrant for her deportation issued October 12, 1910. In obedience to an order that he show cause why the writ prayed for should not issue, the commissioner has submitted the warrant and record of proceedings as justifying her detention.

It is not disputed that, as the record shows, the alien was first taken into custody under a warrant for her arrest, dated September 8, 1910, issued by the Department of Commerce and Labor to the commissioner; that this warrant was later canceled and another issued in its place, dated September 23, 1910; that meanwhile there had been hearings before a duly authorized inspector at Boston, and there was a further hearing on September 26th, at which the alien, represented by counsel, had full opportunity to show cause why she should not be deported; that the record of the hearings was duly submitted to the acting secretary; that on October 12, 1910, he issued the warrant under which she is now held; and that she was surrendered to the custody of the commissioner October 18, 1910, having been since the hearings paroled in custody of her counsel.

The petitioner contends that both warrants of arrest, the proceedings thereunder, and the warrant for deportation were and are in violation of law and of her rights and therefore void.

The only warrant of arrest which need be considered is that issued September 23d. It recites that from evidence submitted to the secretary the alien appears to have been found in the United States in violation of the immigration act of 1907 in the respects:

"That she was at the time of her entry into the United States afflicted with trachoma, a dangerous contagious disease; and that she was also, at the time of such entry, a person likely to become a public charge."

The petitioner does not dispute that it is his niece mentioned in his petition, to whom the warrant refers, nor that she landed at Halifax per S. S. "Uranium" on July 23, 1910, as the warrant also recites, and immediately came from Halifax into the United States. It is not disputed that she was duly examined and admitted by the immigration officers at Halifax before her entry into the United States as above.

The record as at first submitted here did not show that any papers were submitted to the secretary before he issued his warrant to take the alien into custody except a letter from the commissioner of immigration at Montreal to the commissioner at Boston, dated September 3, 1910. In this the Montreal commissioner states that he is asking

the department, under the same date, to issue a warrant for this alien's arrest, and he also states facts tending to the conclusion that when admitted at Halifax in July she must have been diseased. He asks that when arrested she be carefully examined by the medical examiner at Boston.

[1] The letter referred to is obviously insufficient to show that the secretary issued his warrant upon an application therefor complying with the requirements of rule 35, paragraphs (a) and (b), of the present Immigration Regulations. But it is unnecessary to consider whether a warrant issued without such an application would be illegally issued, because since this hearing began an application made to the department by the commissioner at Montreal under date of September 3, 1910, and an accompanying certificate as to the landing of the alien, also a letter to the department from the Montreal commissioner, transmitting these papers, have been added to the record submitted here, to which, of course, they properly belong. Thus complete, the record shows, in my opinion, that the warrant issued upon an application duly made and in substantial conformity with the rules above referred to.

[2] As to the warrant for deportation, the only question is whether the alien was afforded a proper hearing after her arrest and before the order for deportation was made. Rule 35e provides that:

"During the course of the hearing the alien shall be allowed to inspect the warrant of arrest and all the evidence upon which it was issued."

It appears that neither the application for the warrant of arrest nor any of the papers upon which it was issued were so shown to the alien or her counsel. The fact appears to be that they were not in the hands of the immigration officers at Boston when the hearing was held.

It seems to me doubtful whether, in view of this omission, a hearing according to law has been afforded the alien. Evidently the department's own regulations have not been complied with, and no excuse is shown for the failure to comply. Under the present circumstances, I think the writ should issue; but, if upon the hearing the evidence should stand as at present, I should not discharge the alien from custody until after the immigration officers had had a reasonable opportunity to hold another hearing in full compliance with the rules. The real question, of course, is whether the alien is or is not afflicted with the dangerous contagious disease alleged. It may well be that it makes no difference for the purposes of this question whether or not her counsel has been allowed to inspect all the evidence on which the warrant for her arrest was issued. I do not think, however, that I ought to find, as the case now presents itself, that it cannot make any difference in any event. The question should be decided by the immigration officials after due hearing according to their rules.

### On the Merits.

A writ of habeas corpus was issued November 2, 1910, on grounds stated in a former opinion herein of the same date. It was return-

able November 5th. On that day the commissioner of immigration duly appeared with Haiganoosh Avakian in obedience to the writ and filed a return in which he set forth that he was then detaining her to enable her to show cause why she should not be deported under and by virtue of an order of the Secretary of Commerce and Labor issued to him November 1, 1910. A copy of the order is set forth in the return.

No traverse to the return was filed on the return day of the writ. It appearing that the alien was then detained, not under the warrant for her deportation, issued October 12, 1910, and considered in the former opinion referred to, as was the case when the petition for the writ was filed, but under a new warrant for her arrest later issued by the department, the matter was continued for further hearing by consent.

On November 26, 1910, the petitioner filed a paper entitled "Traverse to the Return." In this he denied that the warrant of arrest issued November 1, 1910, is good and valid, and says that it and all proceedings under it are null and void for the reasons:

"(1) Because the application for said warrant does not contain the full statement of the facts which show the presence in the United States of the said Haiganoosh Avakian to be in violation of the law as required by paragraph (b) of rule 35 of the Immigration Regulations.

"(2) Because said application is not accompanied by such a certificate of entry as is required by paragraph (c) of said rule, in that there is not attached to said certificate the verifying certificate of the officer having charge of the manifest containing the name of the said Haiganoosh Avakian.

"(3) Because said application does not contain a statement of facts sufficient to constitute 'probable cause' for the issuance of a warrant of arrest, nor is said application supported by oath or affirmation, as required by article 4 of the Amendments to the Constitution of the United States."

[3] I find that the warrant to arrest issued November 1, 1910, as above was issued upon an application made to the department by the immigration commissioner at Montreal, under date of September 3, 1910, an accompanying certificate as to the landing of the alien, and a letter from the Montreal commissioner to the department transmitting the application and certificate. These papers were first produced before me at the hearing on the petition for this writ, and are referred to in the opinion of November 2, 1910. I rule, as I then ruled regarding an earlier warrant to arrest this alien, that the warrant issued November 1, 1910, and referred to in the return, was issued upon an application duly made, in substantial conformity with the rules of the department, that it is good and valid, and that the proceedings under it are lawful and regular so far as any of these matters are concerned.

The "Traverse to the Return" further sets up that since November 5, 1910, there has been a hearing before the immigration officers under the warrant to arrest, and another warrant for the alien's deportation issued on November 19, 1910; also that these proceedings are null and void for the reasons:

"(4) Because neither the letter on which said application for the warrant of arrest was based, nor a copy thereof, was furnished to Haiganoosh Avakian or her counsel, although called for repeatedly, and required to be furnished by paragraph (e) of said rule 35.

"(5) Because the proceedings held under and by virtue of said warrant of arrest dated November 1, 1910, were not due process of law within the meaning of article 5 of said amendments to the Constitution of the United States."

[4] The only question before me at present is whether or not the alien's detention on the return day of the writ was lawful. The return made to the writ by the immigration commissioner does not and could not undertake to justify his detention of the alien by anything done after that time. What is set up on the alien's behalf in paragraphs 4 and 5 above quoted cannot be regarded as having any proper place in a traverse to the return on this writ, whether it affords ground for the issuance of another writ or not.

[5] The commissioner has submitted the record of the proceedings subsequently had before the immigration officers under the warrant of arrest described in his return. Except as it tends to establish the truth of the statement in the return that he was then holding the alien for hearing under the warrant for arrest above referred to, I am unable to consider it material for the purposes of this hearing. If a warrant for the alien's deportation has been issued since the return day, and she is now being held under that warrant, no question as to its validity is at present before the court.

[6] In view of what was said in the former opinion, however, it may be remarked regarding the record now submitted that the application made by the Montreal commissioner under date of September 3, 1910, and the accompanying certificate as to the landing of the alien, appear by it to have been shown at this hearing to the alien's counsel as required by rule 35e. In the application the Montreal commissioner stated that since the alien's admission a letter had been received stating that she was diseased at the time of her entry. The complaint made on behalf of the alien in paragraph 4 above is that this letter was not shown her counsel at the hearing. I find nothing to show that it was ever transmitted to the department or was before the department when the warrant to arrest was issued. If not, it cannot have been, in any view of it, evidence on which the warrant was issued, and it is not therefore within rule 35e.

As to paragraph 5 of the "Traverse to the Return," I have intimated to counsel, in regard to the similar proceedings had under the former warrant to arrest, that, except as stated in the former opinion, I saw no reason to doubt that they were regular and valid so far as this objection is concerned.

The "Traverse to the Return" further sets up that the alien in question has been married to a citizen on November 21st, and must now be regarded as herself a citizen and beyond the jurisdiction of the immigration officers. The determination of the question thus raised is reserved until it is regularly presented for decision.

As the case now stands, the writ must be discharged, and the alien remanded to the custody of the commissioner.