Ex parte KAPRIELIAN.

(District Court, D. Massachusetts.   November 29, 1910.)

No. 363.

1. ALIENS (§ 53*)—ENTRY—RIGHT TO REMAIN.

> For three years following an alien's entry, her right to remain is conditional only and subject to termination by proper action on the part of the immigration authorities.
>
> [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 53.*]

2. ALIENS (§ 54*)—ENTRY—RIGHT TO REMAIN—MARRIAGE AFTER DEPORTATION ORDER—EFFECT.

> Where, after an alien had been ordered deported because she was afflicted with a contagious disease, she married a citizen, she was not thereby relieved from the order of deportation, under Rev. St. § 1994 (U. S. Comp. St. 1901, p. 1268), providing that any woman married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen.
>
> [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Habeas corpus on petition of Avedis S. Kaprielian, to obtain her discharge from arrest under deportation warrant.   Denied.

John W. Rorke, for petitioner.

William H. Garland, Asst. U. S. Atty., for the United States.

DODGE, District Judge.   This petition alleges that the petitioner is a naturalized citizen and that his wife is unlawfully detained by the immigration commissioner at Boston.

It appears from the petition that his alleged wife is the same person whose detention by the commissioner, under her maiden name of Haiganoosh Avakian, was complained of in a previous petition to this court by Hagop Avakian, 188 Fed. 688.   A writ of habeas corpus was issued on that petition, November 2, 1910, upon grounds stated in an opinion dated the same day.   After a hearing upon the writ it was discharged, for reasons stated in a subsequent opinion dated November 26, 1910.   The docket number of the case is 346.

The present petition alleges that the detention now complained of is under a warrant of deportation issued November 19, 1910, by the Acting Secretary of Commerce and Labor.

The commissioner has appeared in obedience to a notice to show cause issued on the present petition.   At the hearing upon that notice it has appeared that the order of deportation referred to is the same order, issued November 19, 1910, to which reference is made in the above opinion dated November 26, 1910.   The record of the proceedings had before the immigration officers, which resulted in that order, and sets forth the order itself, was submitted as showing that his detention of Haiganoosh Avakian (or Kaprielian if that be her present name) is lawful.

I find in the record submitted no reason to believe that there was any defect in the proceedings or that the deportation order is not valid.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It further appears, and I find, that on November 8, 1910, pending the hearing under the writ issued November 2, 1910, Haiganoosh Avakian was released from custody by the commissioner, on a bond in the sum of $1,000 to secure her surrender to him if it should be finally held that she was not entitled to remain in the country, and not entitled therefore to final discharge from custody. The surety on this bond has surrendered her to the commissioner's custody before this petition was filed, but on the same day. The bond referred to has been also submitted by the commissioner.

It thus appears, and I find, that the marriage alleged in the petition took place, if at all, after the order for the woman's deportation was made, pending its execution, and while the commissioner held security for her surrender to him in order that it might be executed.

The petitioner contends that under Rev. Stats. § 1994 (U. S. Comp. St. 1901, p. 1268), she ceased to be an alien and became a citizen by virtue of her marriage to him on November 22, 1910, so that the immigration authorities have now no power to exclude her from the country or detain her for that purpose. The marriage is not alleged to have been, on the part of either party to it, in ignorance of the pending proceedings or of the issuance of the deportation order. The mere fact of marriage to a citizen is relied on.

I am unable to believe that such a marriage is capable of having the effect claimed, in view of the facts shown. The deportation order was a final decision by the proper authorities that Haiganoosh Avakian was an alien belonging to one of the excluded classes and was in the country without right. She entered the country in July, 1910, as the record shows. [1] For three years following her entry her right to remain was by law conditional only and subject to be determined by such action on the part of the immigration authorities as has now been had. [2] It has now been determined, within the period referred to, that she had no lawful right to enter and has no lawful right to remain. Rev. Stats. § 1994, was enacted in 1855. Kelly v. Owen, 7 Wall. 496, 19 L. Ed. 283, holding that any free white woman is a woman who "might be lawfully naturalized" within the meaning of the section, was decided in 1868. The present act regulating immigration, passed in 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 447]), repeals all prior acts or parts of acts inconsistent with its provisions. After a final determination, according to those provisions, that a woman belongs, and belonged at the time of her entry into the country, to a class of aliens forbidden by law to enter or to remain, it cannot be said that she is capable of being lawfully naturalized. It was no part of the intended policy of section 1994 to annul or override the immigration laws so as to authorize the admission into the country of the wife of a naturalized alien not otherwise entitled to enter, and an alien woman who is of a class of persons excluded by law from admission to the United States does not come within the provisions of that section; as has been held in the Circuit Court for this circuit in the district of Rhode Island. In re Rustigian (C. C.) 165 Fed. 980, 982.

In Hopkins v. Fachant, 130 Fed. 839, 65 C. C. A. 1, the deportation

order was held to have been arbitrarily and unlawfully issued, and the woman was married pending the decision on that question.

A marriage entered into under circumstances such as are here disclosed could hardly have been free from intent thereby to avoid deportation, whether otherwise in good faith or not. The bare fact of marriage to a citizen since the deportation order being all that is relied on, I must decline to issue the writ.

Petition denied.