(91 Misc. Rep. 604)

In re CIMORELLI.

(Supreme Court, Trial Term, Greene County. September, 1915.)

CITIZENS ☞9—ALIENS—MARRIAGE—SON BY FORMER MARRIAGE.

Under Rev. St. U. S. § 1994 (U. S. Comp. St. 1913, § 3948), providing that "any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen," where the second husband of an alien woman becomes a naturalized citizen, her infant son by her former marriage, dwelling in the United States, as well as she herself, is a citizen, and his application for admission to citizenship, being therefore unnecessary, will be denied.

[Ed. Note.—For other cases, see Citizens, Cent. Dig. §§ 8–12; Dec. Dig. ☞9.]

Application of Michael Cimorelli to be admitted as a citizen of the United States of America. Application denied.

L. Watkins, of New York City, for the United States.

CHESTER, J. On the hearing of this application it appeared that the petitioner was born in Italy of alien Italian parentage. His father died when he was about one year old. His mother married an alien for a second husband, and removed to this country when the petitioner was about four or five years old. A few years after the marriage, and while the petitioner was still an infant and residing in this country with them, the stepfather was admitted to citizenship, and the certificate of his admission was produced in evidence upon the hearing. The act of Congress of February 10, 1855, which is now section 1994 of the United States Revised Statutes, provides that:

"Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen."

In Kelly v. Owen, 74 U. S. (7 Wall.) 496, 19 L. Ed. 283, it was held that the term "married" in the act does not refer to the time when the ceremony of marriage is celebrated, but to a state of marriage, and that whenever a woman, who under the law might be naturalized, is in a state of marriage to a citizen, whether his citizenship existed at the passage of the act or subsequently, or before or after the marriage, she becomes by that fact a citizen also; that is

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to say, that his citizenship, whenever it exists, confers, under the law, citizenship upon her. In Leonard v. Grant (C. C.) 5 Fed. 11, it was held that the alien woman, by the act of marriage to a citizen, became a citizen as effectually as if she had been naturalized by a judgment of the court.

In United States v. Kellar (C. C.) 13 Fed. 82, in the Circuit Court for the Southern District of Illinois, in an opinion written by Judge Harlan, one of the justices of the United States Supreme Court, sitting as Circuit Judge, it was held that, when the husband of an alien woman becomes a naturalized citizen, her infant son dwelling in this country, as well as she herself, becomes a citizen of the United States as fully as if they had become such in the especial mode prescribed by the naturalization laws. The decision in the Kellar Case was followed by the United States District Court of the Eastern District of Pennsylvania in United States v. Rodgers, 144 Fed. 711. It was also followed in the General Term of the old Fifth Department in this state in People v. Newell, 38 Hun, 78.

I think these authorities fix the status of the applicant as that of a citizen, and that his application was unnecessary. The prayer of the petitioner is therefore denied, on the ground that he is already a citizen.

Ordered accordingly.