## Ex parte McMAHON.

(District Court, W. D. Washington, N. D. October 3, 1924.)

No. 8779.

**1. Aliens ⊜51—Woman arrested for prostitution after marriage to citizen held not subject to deportation.**

A woman not belonging to class excluded from citizenship by Rev. St. § 1994 (Comp. St. § 3948), who entered the country in 1909, in 1921 became lawful wife of native-born citizen and in May, 1924, was arrested and pleaded guilty to a charge of prostitution, *held* not subject to deportation under Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).

**2. Aliens ⊜54—Letter from police officer inadmissible.**

Letter from police officer of country from which alien came is inadmissible as evidence.

**3. Aliens ⊜54—Limitation of time for deportation specified.**

The deportation of an alien as a prostitute, under Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), is barred, unless proceedings are initiated within five years of her admission if she then had no right to entry; or if her admission was lawful, but her subsequent conduct forfeited her right to remain, then deportation is barred unless proceedings are begun within five years of the commission of or conviction of the inhibited crime.

**4. Citizens ⊜7—Alien female lawfully within country, marrying citizen, becomes citizen.**

An alien lawfully within the United States, who becomes the lawful wife of a native-born citizen, herself becomes a citizen.

Habeas Corpus. In the matter of the application of Stella McMahon for a writ to restrain order of deportation. Writ granted.

The petitioner came to the United States from Canada on or about January 15, 1909, and on May 10, 1924, was arrested, and on June 14th following ordered deported for being in the United States in violation of Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), to wit: "That she has been practicing prostitution after her entry into the United States." On the 5th day of November, 1921, she was married to Frank McMahon, a citizen of the United States, who was born at the city of Tacoma on the 1st of April, 1894. She has lived with her husband, who is a railroad brakeman, at Butte, Mont., since her marriage. A short time prior to her arrest she came to Tacoma, Wash., for the purpose of purchasing a rooming house and acquiring a home. She was arrested, charged with soliciting prostitution in the city of Tacoma on the 9th of May, 1924. On May 10th she pleaded guilty through her attorney and was fined $50, which was paid. At the time of the hearing the husband testified on behalf of his wife, stating that she had come to Tacoma with his permission and consent.

Charles P. Moriarty, of Seattle, Wash., for petitioner.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. [1] Section 19, Act Feb. 5, 1917 (Comp. Stat. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), provides: "The marriage to an American citizen of a female of the sexually immoral classes the exclusion or deportation of which is prescribed by this act shall not invest such female with United States citizenship if the marriage of such alien female shall be solemnized after her arrest or after the commission of acts which make her liable to deportation under this act."

[2] It is a far cry from 1909, the date of the entry of the petitioner, to May 10, 1924, the date of her arrest and conviction. The only evidence that the petitioner was a prostitute at the time of entry is a letter from the chief of police of a city in British Columbia, clearly inadmissible as evidence un-

der any rule, however summary the proceeding.

[3] This court, in Ex parte Tayohichi Yamada, 300 Fed. 248 at page 249, said: "Section 19 deals with two classes of aliens: The first is those who have no right to enter; the second class, those whose admission was lawful, but whose subsequent conduct forfeited the right to remain. The five-year limitation of the first class began at the date of entry, and the five-year limitation period of the second class began at the time of the commission of, or conviction of, the inhibited crime."

[4] Petitioner clearly could not be deported for disqualification at the time of entry, even if competent proof was presented, because not inaugurated within the limited period. On November 5, 1921, she became the lawful wife of a native-born citizen, and therefore a citizen of the United States. The Circuit Court of Appeals of this circuit in Hopkins v. Fachant, 130 Fed. 839, 65 C. C. A. 1, says: "The rule is well settled that her marriage to a naturalized citizen of the United States entitled her to be discharged. The status of the wife follows that of her husband. * * * *"

This court, in Ex parte Grayson, 215 Fed. 419, held that the class in section 1994, R. S. (Comp. St. § 3948), providing that any woman thereafter married to a citizen of the United States, who "might herself be lawfully naturalized, shall be deemed a citizen," referred to the races, classes, or nations which were excluded from citizenship, and not to personal disqualifications. The petitioner does not belong to the excluded classes. Upon her marriage to McMahon she became a citizen. She was married before her arrest, before the commission of the act charged, and clearly is not subject to deportation upon the facts presented. She did not have a fair trial.

The writ is granted.