## UNITED STATES v. KELLAR.

*(Circuit Court, S. D. Illinois. 1882.)*

CITIZENSHIP—MARRIAGE OF RESIDENT ALIEN.

   Upon the marriage of a resident alien woman with a naturalized citizen, she as well as her infant son, dwelling in this country, become citizens of the United States as fully as if they had become such in the special mode prescribed by the naturalization laws.

Indictment for Illegal Voting.

HARLAN, Justice. The question presented for determination is whether the defendant, having reached his majority on the twenty-second day of May, 1880, was entitled to vote at the election for representative in the congress of the United States, held in November, 1880. He possessed the requisite qualifications prescribed by the local laws as to residence in the township and state; but it is contended that he had not been admitted to citizenship of the United States, which, in Illinois, is a prerequisite to the exercise of the elective franchise. His parents were subjects of Prussia, the father dying there in 1865, without ever having been in this country. Subsequently, the mother removed to the United States, bringing her infant son, and in 1868 intermarried here with Michael Gaschka, a naturalized citizen.

Section 2167 of the Revised Statutes of the United States, reproduced from an act passed May 26, 1824, (4 St. at Large, 69,) provides that—

   "Any alien, being under the age of 21 years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted a citizen thereof, may, after he arrives at the age of 21 years, and after he has resided five years within the United States, including the three years of his minority, be admitted a citizen of the United States, without having made the declaration required in the first condition of section 2165; but such alien shall make the declaration required therein at the time of his admission, and shall further declare on oath, and prove to the satisfaction of the court, that for two years next preceding it has been his *bona fide* intention to become a citizen of the United States, and he shall, in other respects, comply with the laws in regard to naturalization."

It is conceded that the defendant has never made the declarations nor furnished the proof required by that section, nor complied with the general laws prescribing the mode in which subjects of other countries may become naturalized citizens of the United States.

The contention of the district attorney is that section 2167 embraces every case of foreign-born minors residing in this country, who may wish to become citizens of the United States; in other words, every such minor must, to become a citizen, make the declaration and proof required by that section. So argues the district attorney. In this view the court does not concur.

Section 2172 of the Revised Statutes of the United States, brought forward from an act approved April 14, 1802, (2 St. at Large, 155,) provides that—

"The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject by the government of the United States, may have become citizens of any one of the states, under the laws thereof, being under the age of 21 years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof; and the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof. But no person heretofore proscribed by any state, or who has been legally convicted of having joined the army of Great Britain during the revolutionary war, shall be admitted to become a citizen without the consent of the legislature of the state in which such person was proscribed."

And section 1994, which is reproduced from the act of February 10, 1855, (10 St. at Large, 604,) declares that "any woman who is now, or may hereafter be, married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen."

Since the several sections which have been quoted are in the same revision of the statutes, it is the duty of the court to give them, if possible, such construction as will make them all operative. Consistently with any fair or reasonable interpretation of the language employed by congress, the court should reject any construction which would make one section inconsistent with another relating to the same general subject.

1. It is not denied that the mother of the defendant belonged to the class of persons who, under the laws of congress, might have been lawfully naturalized. Upon her marriage, therefore, with a naturalized citizen of the United States she became, under the plain words of section 1994, *ipso facto*, a citizen of the United States, as fully as if she had complied with all of the provisions of the statutes upon the subject of naturalization. There can be no doubt of this, in view of the decision of the supreme court of the United States in *Kelly* v. *Owen*, 7 Wall. 496, where it became necessary to construe

the act of February 10, 1855, which, in respect of the matter now before us, is similar to section 1994 of the Revised Statutes. This language was used in that case:

"As we construe this act, it confers the privileges of citizenship upon women married to citizens of the United States, if they are of the class of persons for whose naturalization the previous acts of congress provide. The terms 'married' or 'who shall be married,' do not refer, in our judgment, to the time when the ceremony of marriage is celebrated, but to a state of marriage. They mean that whenever a woman who, under previous acts, might be naturalized, is in a state of marriage to a citizen, whether his citizenship existed at the passage of the act or subsequently, or before or after the marriage, she becomes, by that fact, a citizen also. His citizenship, whenever it exists, confers, under the act, citizenship upon her."

The object of the act, said the court, was to allow the citizenship of the wife "to follow that of the husband, without the necessity of any application for naturalization on her part."

The mother of the defendant having thus become a citizen by force alone of her marriage with a naturalized citizen in the year 1868, did not the defendant, being *then* a minor and dwelling in the United States, himself also become, *ipso facto*, a citizen? It seems to the court that this question must be answered in the affirmative. The case seems to be so distinctly one of those embraced by the very language of section 2172, that argument could not make it plainer.

It was suggested that the act of 1802, from which, as we have seen, section 2172 is taken, was intended to be temporary in its operation, and to apply only to cases arising previous to its passage. In support of that proposition reference was made by counsel to *Campbell* v. *Gordon*, 6 Cranch, 176. But the court does not perceive that that case maintains, or that the language of the act of 1802, in any degree justifies, any such interpretation of the statute. It is quite certain that the reproduction, in section 2172 of the revision of the statutes, of the principle embodied in the act of 1802 was for the purpose of declaring, as the established policy of the government, that the children of persons who have been duly naturalized under any law of the United States, being under the age of 21 years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof. The only doubt which might have arisen as to the application of that section to the present case is whether a woman, becoming a citizen, under section 1994, solely in virtue of her marriage with a naturalized citizen, can be said to have been "*duly naturalized*" under a law of the United States. That

doubt, we have seen, is removed by the decision in *Kelly* v. *Owen*. The marriage of the defendant's mother with a naturalized citizen was made, by the statute, an equivalent in respect of citizenship to formal naturalization under the acts of congress. Thenceforward she was to be regarded as having been duly naturalized under the laws of this country, and her infant son, then dwelling in this country, was thereafter to be considered not an alien, but as a citizen. And this, we may remark, is not a new feature in the history of naturalization, as is shown by the case of *Campbell* v. *Gordon, supra,* where it was held, under the act of 1802, that the naturalization of a father, at the time his daughter was an infant resident of this country, conferred upon *her* full rights of citizenship, although she had taken none of the steps required by the naturalization laws.

Such being the legal effect of sections 1994 and 2172, we come to inquire as to the construction of section 2167. Its language, literally interpreted, might embrace the case of the defendant; that is, he was a foreign-born minor, who had resided in the United States five years including the three years next his majority. But we have seen that the defendant ceased to be an *alien* when his mother acquired citizenship through her marriage with Gaschka. He was thereafter to be treated as the child of one "duly naturalized;" in other words, as a citizen. Manifestly, therefore, if we give section 2167 the construction contended for by the government, it results that the marriage of defendant's mother is deprived, in large degree, of that effect which section 1994, as construed in *Kelly* v. *Owen*, was intended to have. But all of the sections can be harmonized, and effect given each, if section 2167 be construed, as this court thinks it must be, as not embracing the case of a minor who became invested with citizenship in virtue of the marriage of his mother with a naturalized citizen of the United States, but only such minors as are *alien* when they reached their majority, and who, therefore, could not become citizens except in the mode specifically set out in section 2167.

For these reasons, in which, I am happy to say, my brother TREAT, the learned district judge, concurs, the defendant must be discharged. An order to that effect will be entered.

NOTE. An alien woman who marries a citizen of the United States residing abroad, the marriage solemnized abroad, and the parties continuing abroad, is a citizen of the United States, though she never resided in the United States. "Citizenship," 14 Op. Att. Gen. 402. The words "who might herself be lawfully married" mean any woman being a free white person, and not an alien enemy; and if such a woman marries a citizen of the United States in Ireland

she is a citizen of the United States though she always resided in Ireland. *Kane* v. *McCarthy*, 63 N. C. 299. So the alien widow of a naturalized citizen, although she never lived in the United States during the life-time of her husband, is a citizen of the United States, and is entitled to dower in his real estate. *Burton* v. *Burton*, 1 Keyes, 359. She becomes, by the act of marriage to a citizen, a citizen as effectually as if she had been naturalized by a judgment of the court. *Leonard* v. *Grant*, 5 FED. REP. 11. By analogy with this rule a woman born in the United States, but married to a citizen of France and domiciled there, is not a citizen of the United States, resident abroad. "Citizenship," 13 Op. Att. Gen. 128.—[ED.