UNITED STATES ex rel. FISHER v. RODGERS, U. S. Immigration Com'r et al.

(District Court, E. D. Pennsylvania. April 5, 1906.)

1. CITIZENS—CHILD OF ALIEN BECOMING NATURALIZED.
    A minor residing in this country with his mother and stepfather when the latter was naturalized likewise became a citizen.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Citizens, § 10.]

2. ALIENS—EXCLUSION—FINALITY OF DETERMINATION.
    Where the question of citizenship was not passed upon by the Commissioner of Immigration, nor certified to the Secretary of Commerce and Labor, nor passed upon by him, no question of finality arises.

Habeas Corpus Proceedings.

Evan B. Lewis, for relator.
John C. Swartley, for Commissioner of Immigration.
Howard H. Yocum, for International Mercantile Marine Co.

HOLLAND, District Judge. In this petition for a writ of habeas corpus, William Fisher sets forth:

"That he was born in Wales about 20 years ago. From there he went to Australia with his parents when a small child. That while living in Australia his father died, and shortly thereafter his mother married, and when petitioner was about 10 years of age his mother and stepfather came to the United States and settled in Luzerne county, Pa., at which place petitioner's stepfather became a citizen of the United States. The petitioner lived at or near Six Mile Run, Pa., until he was about 23 years of age, when he paid a visit to his native country, Wales, and remained there until he returned upon the said steamship Haverford, landing in the city of Philadelphia and state of Pennsylvania on the 9th day of January, 1906. That the United States Commissioner of Immigration, stationed at Philadelphia, refused him, the said William Fisher, a landing, and ordered his deportation on the authority of the marine surgeon's certificate "that the passenger was almost blind."

The writ was issued, to which a return was made by the manager of the steamship company that the relator was detained under order of Commissioner of Immigration at the Port of Philadelphia as an alien immigrant "almost blind and likely to become a public charge." The return of the acting Commissioner of Immigration at the Port of Philadelphia denies that the relator is in the custody of the commissioner, but further answers that the writ should be vacated because the findings of the Commissioner of Immigration, which, upon appeal, were approved by the Secretary of Commerce and Labor, are final and cannot be inquired into by the court. Upon the argument of this case, a copy of the entire proceedings, together with the evidence before the commissioner, was submitted, and it shows that the question of citizenship of the relator was not passed upon by the commissioner, nor was it certified to the Secretary of Commerce and Labor, nor passed upon by him. The petition sets forth that William Fisher is a citizen of the United States, and states the facts upon which that claim is based. His claim to citizenship, as set forth in his petition, is supported by the evidence of his brother given before the commissioner. This evidence, together with the allegation of citizenship set forth in the petition, is uncontradicted. The relator was a minor residing in the United States with his mother and stepfather when the latter was naturalized.

When the husband of an alien woman becomes a naturalized citizen, she, as well as her infant son, dwelling in this country, become citizens of the United States as fully as if they had become such in the special mode prescribed by the naturalization laws. United States v. Kellar (C. C.) 13 Fed. 82.

The question of finality of action on the part of the commissioner does not arise in this case, because the record shows plainly that these proceedings were had against an American citizen, whose entire family are residing in this country, and where he himself had resided until very recently, and had only been on a visit to England. He cannot, under the circumstances, be deprived from returning to his home.

It is therefore ordered that he be discharged.