### In re ROBERTSON.

(District Court, M. D. Pennsylvania. February 17, 1910.)

ALIENS (§ 64*)—NATURALIZATION—CHILDREN OF PERSON DYING AFTER DECLARATION—STEPCHILDREN.

Rev. St. § 2172 (U. S. Comp. St. 1901, p. 1334), provides that the children of persons who have been duly naturalized, being under the age of 21 years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as "citizens" thereof; and the naturalization law (Act June 29, 1906, c. 3592, § 4, cl. 6, 34 Stat. 596 [U. S. Comp. St. Supp. 1909, p. 480]) provides that, when any alien who has declared his intention to become a citizen dies before he is actually naturalized, the widow and minor children of such alien may, by complying with the other provisions of the statute, be naturalized without any declaration of intention. Applicant was born in England, where his father died, and his mother was again married to an alien, who emigrated to the United States when applicant was about four years of age. When the applicant was about 17 years old and residing with his stepfather as a member of his family, the stepfather made a declaration of intention, but died without having been naturalized. *Held*, that the applicant was entitled to naturalization on the strength of his stepfather's declaration.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 128; Dec. Dig. § 64.*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.]

Application of James Robertson for naturalization. Petition sustained.

James McQuade, for applicant.
Mark J. Maloney, for the government.

ARCHBALD, District Judge. James Robertson, the applicant for naturalization, was born in England April 24, 1880, where his father died, and his mother was married again to one John Fenwick, who emigrated to the United States, where the family arrived September 30, 1884, when the applicant was some four and a half years old. On July 13, 1897, when he was a little over 17, and still residing with his stepfather as a member of his family, his stepfather made a declaration of his intention to become a citizen, but died November 1 following, without having been actually naturalized. The present application for naturalization is made on the strength of this declaration, and is opposed by the government, on the ground that it was not the declaration of the applicant's own father.

It is provided by Rev. St: § 2172 (U. S. Comp. St. 1901, p. 1334):

"The children of persons who have been duly naturalized under any law of the United States * * * being under the age of twenty-one years at the time of the naturalization of their parents shall, if dwelling in the United States, be considered as· citizens thereof."

Also by the naturalization law now in force (Act June 29, 1906, c. 3592, § 4, cl. 6, 34 Stat. 596, 598 [U. S. Comp. St. Supp. 1909, p. 480]), as it was in substance by that before it, that:

"When any alien who has declared his intention to become a citizen of the United States dies before he is actually naturalized, the widow and minor children of such alien may, by complying with the other provisions of this act, be naturalized without making any declaration of intention."

The applicant relies on the combined effect of these enactments.

·It was held in United States v. Kellar (C. C.) 13 Fed. 82, that, upon the marriage of a resident alien woman with a citizen, her infant son, dwelling with her, also becomes· naturalized by virtue of the citizenship which she so acquires. And in People v. Newell, 38 Hun, 78, that, where the mother of a minor alien marries a man who subsequently becomes naturalized, this not only naturalizes his wife, but also his minor stepchild; that is to say, that a stepson, who is a minor, and residing with his parents in this country, is naturalized by force of the naturalization of his stepfather. United States v. Rodgers (D. C.) 144 Fed. 711; Behrensmeyer v. Kreitz, 135 Ill. 591, 26 N. E. 704. So an illegitimate child, who emigrates to this country as a member of the family of his reputed father, the wife being his mother, is held to become a citizen upon the subsequent naturalization of the father, while the child is still a minor. Dale v. Irwin, 78 Ill. 170.

Accepting these decisions as a correct exposition of the law, it is clear that, if the stepfather here had gone on and completed his naturalization within the minority of the present applicant, and while he was a member of the family, this would have had the effect of naturalizing the applicant also. It certainly would have naturalized the wife. Rev. St. § 1994 (U. S. Comp. St. 1901, p. 1268). And she, as mother, having become a citizen, this would have naturalized also her minor children. But by making a declaration of his intention the father, being the head of the family, took the first step provided by the law for the acquisition of citizenship, and this, according to the express provision of the statutes quoted, inured to the benefit of, and

gave an inchoate right to, all those who would be made citizens if he had gone on and concluded it. Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103. At the time his stepfather died, the applicant, as we have seen, was between 17 and 18 years old, and was still living with him at Wilkes-Barre, Pa. The stepfather's declaration of intention was therefore the same in effect as if it had been the applicant's declaration, and he is now entitled to be made a citizen on the strength of it.

Petition sustained, and naturalization granted.