# EX PARTE GILES CHRISTIANSON.

---

CITIZENSHIP OF ALIEN MINOR.

Courts—Eligibility of Jurors—Citizenship.

Where a child is born of foreign parents in a foreign country, and his father dies, and his mother marries an American citizen and

Ex parte Christianson.

moves to the United States with the child, who continues to reside there and becomes of age, the child is an American citizen and eligible to serve as a juror.

Opinion filed April 14, 1916.

HAMILTON, Judge, delivered the following opinion:

Upon being summoned as a juror in this court, Giles Christianson raises the question of whether, in regard to citizenship, he is competent to serve upon the jury.

The facts seem to be that he was born of Danish parents at St. Croix, a Danish possession, and that his father died there. So far, then, he was certainly a Danish subject. When he was a minor of tender years his mother intermarried with an American citizen, who took her and the family, including the juror in question, to the United States. There or in Porto Rico the juror has lived continuously under the American flag. He is now over twenty-one years of age. Under the Foraker Act jurors in the Federal court must be American citizens. Does the juror in question fulfil this qualification?

There is a presumption that residents of a country are citizens thereof, but in this case the facts are before the court, and the case must therefore be decided apart from presumptions.

Section 2172 of the Revised Statutes, Comp. Stat. 1913, § 4367, provides that "the children of persons who have been duly naturalized under any law of the United States . . . being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof." The juror in ques-

tion does not come literally within the terms of this section, in the first place because only one of his parents came within the jurisdiction of the United States, and in the second place because she did not become a citizen by virtue of any naturalization law. Nevertheless, the section covers the case. It would be too strict a construction to hold that both parents must be naturalized in order to obtain its benefit, when in point of fact only one parent was living. In other words, in this case "parents" include the single parent who lived to come under the dominion of the United States. Then again "naturalization" in this section is not to be confined to the judicial naturalization, to declaration and final proof under the statute. The common law is to be held as read into the naturalization statute so far as relates to minors and married women where not inconsistent with its terms; otherwise there would be cases not covered by the law. It has been held by a state court that the naturalization of a mother by the judgment of a competent court will carry with it the citizenship of her minor children dwelling in the United States at the time of such naturalization. Kreitz v. Behrensmeyer, 125 Ill. 164, 8 Am. St. Rep. 349, 17 N. E. 232. And, in addition to this, substantially the same facts presented by the case at bar have arisen before and have been decided favorably to citizenship in the case of United States v. Kellar, in the United States circuit court for the southern district of Illinois, in 1882, 13 Fed. 82. There Kellar was indicted for illegal voting. It was shown that his parents were subjects of Prussia, where his father died without coming to the United States. The mother, however, came to the United States bringing her infant son, and afterwards intermarried with a naturalized citizen. In the case at bar the

mother intermarried with a native-born citizen. Section 1994 of the Revised Statutes, Comp. Stat. 1913, § 3948, declares that "any woman who is . . . married to a citizen of the United States and who might herself be lawfully naturalized shall be deemed a citizen." In the Kellar Case and in the case at bar the mother might herself be naturalized. The object of the act was to allow the citizenship of the wife to follow that of the husband without the necessity of any application for naturalization on her part.

The court in the Kellar Case had some difficulty construing § 2167 of the Revised Statutes, but that section has been repealed by the act of June 29, 1906, so need not be considered one way or the other.

It follows, therefore, that Giles Christianson is a citizen of the United States, and is competent to serve as a member of the jury panel.

It is so ordered.