# DOLORES AUREA MERCEDES MATTEI GIOVAN-NETTI, VDA. DE SANTI, ET AL., Complainants,

*v.*

# .VICENTE ZAYAS Y SANTIAGO, Defendant.

San Juan, Equity, No. .1027.

CITIZENSHIP OF MINOR ALIENS.

Citizenship—Jones Act.
> 1. A foreigner taking the oath of allegiance under the Jones Act makes his children also citizens.

Citizenship—Wife.
> 2. The same is true of his wife.

Minor Children—Nationality.
> 3. Minor children have no nationality apart from that of their parents. The citizenship of the family follows that of the father.

Opinion filed August 22, 1919.

*Mr. O. B. Frazer* for complainant.

*Mr. J. R. F. Savage* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case suit is brought by the widow and minor children of Octavio Santi, who was a son of Hector Santi, a citizen of .France, and who took advantage of the provisions in § 5 of the Jones Act to come before this court and take the oath of allegiance to the United States. The question is, What was the effect of this upon his minor children?

Giovannetti v. Zayas y Santiago.

1. The argument for the plaintiff is that these children are themselves subject to the provisions of § 5, and could themselves come in and take the oath of allegiance, but as they have refrained from doing so they retained their father's French citizenship. United States v. Kellar, 11 Biss. 314, 13 Fed. 82, 85.

Whatever they were at birth, they are now when they bring this suit the minor children of a man who took the oath of allegiance to the United States under the Jones Act. This taking the oath of allegiance must be construed as making the man an American to all intents and purposes the same as if he had been naturalized. It is merely a short form of naturalization because of the peculiar circumstances of a man living in a district which has by treaty been annexed to the United States. It would seem to come within the definition of naturalization as given by the Supreme Court in the case of Boyd v. Nebraska, 143 U. S. 135, 162, 36 L. ed. 103, 109, 12 Sup. Ct. Rep. 375, as "the act of adopting a foreigner and clothing him with the privileges of a native citizen." There can be but one kind of Americans. There are no Americans of the second class; there is but one class, and there is nothing higher in the world. It is not a mere title, not even a mere privilege; but it is a status which when once fixed remains, giving to all the same rights and duties. When Octavio Santi took the oath of allegiance he became an American with the same rights and duties as any other naturalized American. Revised Statutes, § 2172, Comp. Stat. § 4367, 6 Fed. Stat. Anno. 2d ed. p. 947, declares that the minor children, residents of the United States, whose father has been naturalized, themselves become Americans. So here, unless § 5 of the Jones Act confers a different kind of citizenship from that of naturalization, which cannot be, the same rule

Giovannetti v. Zayas y Santiago.

applies. The children of Octavio Santi became American citizens with him.

2. The same would be true of his wife under § 1994, Comp. Stat. § 3948, 2 Fed. Stat. Anno. 2d ed. p. 117, of the Revised Statutes, which provides that "any woman who may be hereafter married to a citizen of the United States shall be deemed a citizen." Her citizenship followed that of her husband without the necessity of any application for citizenship on her part. Kelly v. Owen, 7 Wall. 496, 17 L. ed. 283.

3. It is a general rule that the question of citizenship requires that all parties of either side be foreigners or citizens as the case may be. The Jones Act, § 41, allows a suit to proceed in the name of those having the necessary requirements where they have a separable controversy. On this plea to the jurisdiction it does not appear whether Enrique and Oscar, the natural children of Octavio Santi, have a separable controversy or not.

It seems that their rights as natural children under the local law were established by judicial proceedings after the death of the father, but before the bringing of this suit. The validity of that proceeding is not before the court, but will be assumed under the purposes of this plea. If the father had been alive at the time of those proceedings these rights must have related to him as an American citizen, and the fact that he was dead at the time of the proceedings could not make them relate to any other time. They were made quasi legitimate rights under the local law. There is no other question, so that they are not in any other different condition from that of the other plaintiffs.

The circumstances of this case, therefore, prove that minor children have no nationality apart from their parents. There are certain cases fixed by treaty in which minors can declare

and change their status upon attaining majority, but this is not such a case. The fact that they could have acted under § 5 of the Jones Act if their father had not is immaterial when their father, in point of fact, has acted. Under American institutions the family of the husband, wife and minor children, is a unity, and their citizenship follows that of the father.

It follows, therefore, that all the parties to this case on both sides are Americans, and this would oust the jurisdiction of this court; accordingly the plea must be sustained.

It is so ordered.