## THE CITY OF OAKLAND.

(District Court, N. D. California, First Division.   January 13, 1922.)

No. 17234.

1. **Shipping ☞81(1)—Dredge held liable for cutting cable.**

   Where either a dredge or a cable cut by it was out of its proper place, but the cable was practically stationary, with a possible swing of 50 feet, while the dredge was moving, the dredge *held* liable, as it is more likely that it was out of place than that the cable was.

2. **Admiralty ☞26—Decree in rem entered against dredge for cutting cable.**

   In a suit against a dredge for cutting a cable, decree in rem entered for the libelant, in order that the question whether the action in rem was maintainable might be determined.

In Admiralty.   Libel by the Postal Telegraph-Cable Company against the dredge City of Oakland, etc., and another.   Decree for libelant.

Willard P. Smith and William B. Acton, both of San Francisco, Cal., for libelant.

Leon E. Gray, City Atty., and John Jewett Earle, Deputy City Atty., both of Oakland, Cal., for respondents.

DOOLING, District Judge.   [1] Respondent was warned that its dredge was operating in the neighborhood of libelant's cable and was likely to cut it.   The warning was apparently unheeded.   Either the dredge or the cable was out of its proper place.   The cable was practically stationary, with a possible swing of 50 feet.   The dredge was moving.   It is more likely that the dredge was out of place than that the cable was.

[2] A decree will therefore be entered for libelant.   I am not sure that the action in rem may be maintained, but a decree in rem will be entered, so that the matter may be determined for the guidance of all of us.

===

## In re GRAF.

(District Court, D. Maryland.   January 23, 1922.)

No. 5805.

**Citizens ☞9—Naturalization of minor surviving parent during his minority makes him a citizen.**

   The son of alien parents, whose father died an alien, but whose mother remarried, and her husband was naturalized during her lifetime and the son's minority, *held* to have thereby become a citizen.

In the matter of the petition of Michael Graf for naturalization.   Petition dismissed.

ROSE, District Judge.   The petitioner seeks naturalization.   Both his parents were foreign-born.   His father, who was never naturalized, died while he was quite young.   His mother married again, and dur-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing her lifetime, and while the petitioner was still a minor, his step-father was naturalized, and, in consequence, his mother also became a naturalized citizen. His only living parent having been naturalized while he was a minor residing in the United States, he thereby became a citizen. United States v. Kellar (C. C.) 13 Fed. 82; United States v. Rodgers (D. C.) 144 Fed. 711.

His petition for naturalization will accordingly have to be dismissed, because he is already a citizen.

---

## CHICAGO RYS. CO. et al. v. ILLINOIS COMMERCE COMMISSION et al.

(District Court, N. D. Illinois, E. D. January 9, 1922.)

No. 2496.

1. **Courts ⬧282(3)—Federal court has jurisdiction over suit to enjoin en-forcement of order reducing street car fares.**

A federal court has jurisdiction over a suit to enjoin enforcement of an order of the Illinois Commerce Commission reducing street car fares, on the ground of alleged confiscation of property, in violation of the United States Constitution.

2. **Carriers ⬧18(6)—Order of state Commerce Commission may be enjoined as complete legislative act, though motion for reconsideration might be made.**

An order of the Illinois Commerce Commission reducing fares charge-able by street railroad companies, in force immediately after its passage, was a complete exercise of the legislative power, so as to support a suit for injunction, in the absence of any provision for suspension by an ap-plication for rehearing, though under Public Utilities Act Ill. § 67, a mo-tion to reconsider might have been made and entertained, in the discre-tion of the Commission.

3. **Carriers ⬧18(6)—Injunction granted to restrain enforcement of order re-ducing street car fares, if confiscatory.**

On application for a preliminary injunction restraining the enforce-ment of an order of a state commission reducing street car fares, all doubts will be resolved against plaintiff; but, if the record discloses that the order in fact confiscates property without adequate and just compensation, the court is bound to grant the injunction.

4. **Carriers ⬧12(7)—Order reducing street car fares void, if not based on substantial evidence.**

The Illinois Public Utilities Act grants power to the Commerce Com-mission to enter orders only when based on substantial evidence, and if the record contains no substantial evidence an order reducing street car fares is void.

5. **Carriers ⬧12(4)—Commission held without power to prescribe inadequate rate to compel improved methods of doing business.**

Under Commerce Act Ill. § 75, authorizing the state Commerce Com-mission to regulate methods of operation of public utilities, and providing for enforcement of changes in operation by application to the circuit or superior court, the commission cannot force improved methods of opera-tion, by penalizing street railroad companies with a rate which will not return even operating expenses.

---

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes