## In re FITZROY.

(District Court, D. Massachusetts. March 5, 1925.)

No. 123.

1. **Citizens ☞8—At common law woman did not lose citizenship by marriage to alien.**

At common law a woman who was a citizen of the United States did not lose her citizenship by marriage to an alien unless she removed from the country.

2. **Citizens ☞8—Citizenship of American woman, lost by marriage to an alien, revives on termination of the marriage, where domicile has continued or is resumed.**

Where the marriage of an American woman to an alien has caused her loss of citizenship, such loss apart from statute lasts only during coverture, and on the termination of the marriage and her continuance or resumption of domicile in the United States her citizenship revives.

Petition of Mary Bates Fitzroy for admission to citizenship. Dismissed, on the ground that petitioner is not an alien.

Sherman L. Whipple and Edward Park, both of Boston, Mass., for petitioner.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass.

MORTON, District Judge. The practice under which this petition is brought is open to question and should be confined to special and unusual cases. It is fully supported, however, as to the present case by the decision of Judge Hough in Re Guliano (D. C.) 156 F. 420.

Mrs. Fitzroy's first husband, Mr. Bates, was a native-born American. After his death she married, in 1905, Mr. Fitzroy, an unnaturalized Englishman residing in Boston. Thereafter they resided in her house on Commonwealth avenue, Boston; and neither ever had any other domicile during the marriage. In 1924 she obtained a divorce from him in Boston.

[1] At the time of her marriage to Mr. Fitzroy, there was no statute of the United States which directly covered the citizenship of native-born women who married aliens, although there had for many years been a statute that alien women who married American citizens thereby acquired citizenship in this country. The act of 1907 (Comp. St. §§ 3958–3964) provided in explicit terms that an American woman marrying an alien lost her citizenship here. The decided weight of judicial authority is that a woman did not at common law lose her citizenship here by marrying an alien unless she removed from the country. This seems a reasonable view. Citizenship, like domicile, must be to some extent a matter of intention. The intention should be respected unless the rules of law make it impossible to do so. There is no evidence that Mrs. Fitzroy ever expected or intended to lose her citizenship in the United States. During the entire period of her marriage, she and her husband were both domiciled in this country and subject to its laws. It is pretty artificial to say on such facts, and in the absence of any controlling statute, that the marriage expatriated her and imposed upon her the duty of allegiance to the British sovereign. It was said in Comitis v. Parkerson (C. C.) 56 F. 556, 22 L. R. A. 148: "A change of the allegiance due to the United States * * * involves, * * * on the part of the citizen, the manifestation of the purpose to expatriate himself by some unequivocal act, which act must also be recognized by the government to be adequate for that purpose." Billings, J. "I am clearly of the opinion that a woman, a citizen of the United States, does not lose that citizenship by marriage to an alien, at least so long as she continues to reside in the United States." Munger, J., Wallenburg v. Mo. Pac. Ry. Co. (C. C.) 159 F. 217. And this was the view of Justice Storey in Shanks v. Dupont, 3 Pet. 242, 7 L. Ed. 666. The same conclusion was reached by Mr. Allen, Attorney General of Mass., in an able and careful opinion to the Secretary of the Commonwealth. Atty. Gen. Report Mass. 1920, p. 260. I am aware that there are decisions to the contrary, but the view which I follow

seems to me the sounder. In my opinion the petitioner did not by her marriage to Mr. Fitzroy lose her citizenship in the United States.

[2] Even where a woman's marriage to an alien has caused a loss of her citizenship in this country, there is the highest authority that apart from statute such loss is not final and irrevocable, but lasts only during coverture, and that on the termination of the marriage and her continuation or resumption of domicile here her original citizenship revives. This was the opinion of Mr. Blaine, Mr. Evarts, Mr. Hay, and Mr. Bayard when they were Secretaries of State. See Moore's Digest of International Law, vol. 3, pp. 454, 455, 456. Mr. Blaine wrote: "The view has been taken by this Department in several cases that the marriage of an American woman to a foreigner does not completely divest her of her original nationality. Her citizenship is held for most purposes to be in abeyance during coverture, but susceptible to revival by her return to the jurisdiction and allegiance of the United States." Letter to Mr. Phelps, Feb. 1, 1890; For. Rel. 1890, 301. The act of 1922 (42 Stats. 1022 [Comp. St. Ann. Supp. 1923, §§ 4358a–4358d, 3961a, 3961b]) was not, I think, intended to alter or diminish an American woman's rights of citizenship which existed prior to the passage of the act of 1907.

The United States attorney opposing this petition contends that under the present ruling of the Department of State, Mrs. Fitzroy is an alien. Upon such a question the ruling of that Department, while not binding on the courts, carries great weight, and ought to be followed unless clearly wrong. The ruling relied on is found in a letter from the Department of State to the Secretary of Labor, dated November 18, 1920, in which it is said: "This Department uniformly declines to issue passports to American women who are the wives of aliens whether they were married prior or subsequent to the passage of the Act of March 2, 1907." The present case is not covered by this ruling, because Mrs. Fitzroy is not the wife of an alien. In view of Mr. Blaine's letter, supra, and of the expressions of opinion by the other eminent Secretaries of State to which I have referred, I am not satisfied that the Department of State would, on full consideration, reach a conclusion on the present case contrary to that above stated.

Mrs. Fitzroy cannot, in my opinion, properly make oath that she is an alien.

Petition dismissed.