## In re PAGE.

(District Court, S. D. California, S. D.
March 31, 1926.)

No. 15594.

1. **Citizens** ⟪⟫ 8 — Citizen woman, marrying alien and thereafter residing in United States, held an alien (Act March 2, 1907 [Comp. St. §§ 3958–3964]; Act Feb. 10, 1855, c. 71, § 2 [Comp. St. § 3948]).

Citizen woman, marrying alien, prior to Act March 2, 1907 (Comp. St. §§ 3958–3964), declaring that wife in such a case takes nationality of husband, and residing continuously in United States after her marriage, *held* an alien, whose petition for naturalization was properly before court, in view of Act Feb. 10, 1855, c. 71, § 2 (Comp. St. § 3948).

2. **Citizens** ⟪⟫8.

At common law, wife and minor children take nationality of husband and father.

Petition for naturalization by Florence Bertha Page. Petitioner held an alien, whose petition was properly before court.

Frederick Jones, of Los Angeles, Cal., amicus curiæ.

HENNING, District Judge. The petitioner herein filed her petition in due course, asking that she may be made a citizen of the United States. The matter came on for hearing before the court on March 5, 1926. Witnesses were examined and proved satisfactory. It appears from the petition that the petitioner was born in Thompsonville, Conn.; that she married Joseph Arthur Page, a native of Canada, and a Canadian citizen, on May 28, 1906. She and her husband have resided continuously in the United States, and her status has remained unchanged from the date of her marriage until the present time.

At the hearing, the question was raised whether or not petitioner was competent to file a petition, on the ground that she possibly might be a citizen of the United States and not an alien. The court took the matter under advisement for further consideration. A brief was filed, covering the questions of law involved, by Mr. Frederick Jones, District Director of Naturalization for this district, in the manner of amicus curiæ.

[1] The sole and only issue involved is the question: Did or not this petitioner lose her American citizenship by her marriage to the alien, Joseph Arthur Page, on the date given, which was prior to the Act of March 2, 1907 (Comp. St. §§ 3958–3964)? My attention has been invited to a carefully prepared opinion in the Matter of Fitzroy (D. C.) 4 F.(2d) 541. In that case an American woman married an alien in 1905. In 1924 she obtained a divorce, and about a year later filed her petition for naturalization. At the time of the hearing, she was an unmarried woman. The court there found that the applicant was no longer an alien.

The Fitzroy Case differs from the case at bar, in that the petitioner here is still married to her alien husband. It is similar to the Fitzroy Case in that the petitioner and her husband have continuously resided in the United States from the time of their marriage, prior to the Act of March 2, 1907. The court found, among other things, that the weight of judicial authority in this country is that a woman who was an American citizen did not, at common law, lose her citizenship by marrying an alien in the United States, unless she removed from the country. [2] There is a conflict, and a sharp one, between opinions written prior to 1907 as to the status of an American woman who married an alien and remained in the United States. It is, however, true that in all common-law countries it has always and consistently been held that the wife and minor children take the nationality of the husband and father. That is the common-law doctrine.

The Act of March 2, 1907, provides that an American-born woman, or a woman, being an American citizen, who marries an alien, shall take the nationality of her husband. No one has seriously questioned the doctrine that an American woman, marrying subsequent to the Act of March 2, 1907, takes the nationality of her husband. The question at bar is whether or not that act was declaratory of the law, and had an effect upon all persons situated at the time of its passage as indicated.

The Congress, by two early statutes, provided that any alien woman who might lawfully be naturalized under the laws of the United States who marries an American citizen shall be an American citizen herself. Section 2, Act Feb. 10, 1855, 10 Stat. 604; R. S. § 1994 (U. S. Comp. Stat. § 3948). Undoubtedly the converse of the foregoing is true in the case of an American citizen woman who marries an alien. Any possible doubt on that subject was removed by the provisions of the Act of March 2, 1907, above referred to.

For many years, Secretaries of State, and particularly since the Act of March 2, 1907, have consistently refused to recognize American citizen women married to aliens as citizens of the United States and have refused them passports. The Supreme Court has interpreted the term "marriage" and the term "who shall be married" as not referring to

the time when the ceremony was performed, but as referring to the "state of marriage." Kelly v. Owen, 7 Wall. 496, 19 L. Ed. 283. I am of the opinion that the Act of March 2, 1907, is declaratory of the law, and equally affected those who were married prior to its adoption and those married subsequently.

It follows that petitioner, Florence Bertha Page, is an alien, and her petition is properly before the court as such.