## Petition of DRYSDALE.

District Court, E. D. Michigan, S. D. July 23, 1927.

1. Citizens ⬄8—Statute providing that American woman could resume citizenship by residence after termination of marriage with foreigner was declaratory of common law (Comp. St. § 3960).

Act March 2, 1907, § 3 (Comp. St. § 3960), providing that American woman on marrying foreigner should take nationality of husband, but on termination of relationship she could resume citizenship by residence, was declaratory of common law.

2. Citizens ⬄9—American woman, resuming residence after alien husband's death in 1901, resumed citizenship, and minor son became citizen (Act Sept. 22, 1922, § 7 [42 Stat. 1022]; Comp. St. § 3960; § 3962, now 8 U. S. C. A. § 8).

American woman, who had by marriage become alien, but who resided in this country continuously after death of husband in 1901, resumed status as citizen under Act March 2, 1907, § 3 (Comp. St. § 3960); repeal of this section by Act Sept. 22, 1922, § 7 (42 Stat. 1022), expressly not terminating citizenship resumed under this section, and minor son born without United States, but residing therein when mother resumed citizenship was citizen, under section 5 of Act March 2, 1907 (Comp. St. § 3962; 8 U. S. C. A. § 8).

In the matter of the petition of Robert M. Drysdale for naturalization. Petition denied.

Robert M. Drysdale, of Detroit, Mich., in pro. per.

O. T. Moore, of Detroit, Mich., District Director of Naturalization.

TUTTLE, District Judge. This is a petition for naturalization. The following statement of facts has been stipulated and agreed upon between the applicant and the government, and is therefore adopted by this court as a statement of the material facts involved:

"Applicant was born in the year 1884 in British India. His mother was Henrietta Morrison Drysdale, the daughter of John H. Morrison. John H. Morrison was born an American citizen in Wallkill township, Orange county, state of New York, on June 29, 1806, and was educated in the United States, and after graduating from Princeton Seminary went to British India, and thereafter worked as an American missionary in India under the Foreign Missionary Board of the Presbyterian Church of the United States. The family of John H. Morrison were educated in the United States and he never lost his American citizenship.

"The mother of applicant, Henrietta Morrison Drysdale, was born in India while her said father was temporarily residing abroad in the mission field, and she therefore was born an American citizen.

"The father of applicant, William McGrath Drysdale, was born in Sterling, Scotland, on or about the year 1848, and was a British subject, and married the mother of applicant in India on or about the year 1875, at which time the father of applicant was in the Indian civil service and a British subject, and the mother of applicant was an

American citizen temporarily residing abroad with her father in the American mission field.

"Thereafter the parents of applicant, desiring to make their permanent abode in the United States, came to the United States during the year 1885, and from that time on applicant has continuously resided in the United States, and likewise the mother of applicant continuously resided in the United States until the time of her death in the year 1924, and the father of applicant, after returning to India for a few years to complete his service with the British government, thereafter, on or about the year 1890, returned to the United States, and thereafter continuously resided in the United States until the time of his death in the United States in the year 1901.

"The father of applicant died in Denver, Colo., on or about March, in the year 1901, at which time applicant was a minor child of the age of 17 years, and since the death of the father of said applicant both the mother of applicant and applicant himself have continuously resided in the United States as hereinbefore set forth.

"Petitioner has resided in the United States ever since his twenty-first birthday, and since that time has always considered himself a citizen, and has always acted as a citizen, by voting, being admitted to bar to practice law, acted as notary public, and held himself out as a citizen."

[1] Section 3 of the Act of Congress of March 2, 1907 (Comp. St. § 3960), provided as follows:

"Any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the marital relation she may resume her American citizenship, if abroad, by registering as an American citizen within one year with a consul of the United States, or by returning to reside in the United States, or, if residing in the United States at the termination of the marital relation, by continuing to reside therein."

This statute was, except with respect to the provision for registration therein contained, merely declaratory of the common law previously prevailing. In re Fitzroy (D. C.) 4 F.(2d) 541; Moore v. Tisdale, 44 Ky. (5 B. Mon.) 352; Roa v. Insular Collector of Customs, 23 Philippine Reports, 315.

[2] The statutory provision just quoted was repealed by section 7 of the Act of Congress of September 22, 1922 (42 Stat. 1022), but said repealing section provided that "such repeal shall not * * * terminate citizenship resumed under such section."

It thus appears that at, and by reason of, the dissolution of the marriage of the petitioner's parents by the death of his father in 1901, his mother, residing then and continuously thereafter in the United States, resumed and retained her former status as an American citizen.

Section 5 of said Act of March 2, 1907 (Comp. St. § 3962), was, and is (now as section 8 of title 8 of the United States Code), as follows:

"A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent: Provided, that such naturalization or resumption takes place during the minority of such child: And provided further, that the citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

Even before the enactment of this last-quoted statute, the weight of authority in this country was to the effect that when, after the death of an alien father of a child born outside of the United States, the mother of such child became an American citizen, said child, if then a minor, thereby acquired the citizenship of its said mother, and became also an American citizen, at least unless such child, on reaching majority, elected to become an alien. United States v. Kellar (C. C.) 13 F. 82; United States v. Rodgers (D. C.) 144 F. 711; In re Graf (D. C.) 277 F. 969; Roa v. Collector of Customs, supra.

As, therefore, the petitioner, although born outside of the United States, was residing in the United States at the time when his mother, as his sole surviving parent, became an American citizen, and ever since that time he has continued to reside in the United States and to claim the privileges of an American citizen, he must be held to have so become, and to now be, a citizen of the United States. It is therefore unnecessary, and in fact impossible, for him to be naturalized, and his petition for naturalization must be denied. An order will be entered accordingly.