## In re KRAUSMANN.

District Court, E. D. Michigan, S. D.
November 9, 1928.

Petitioner, in pro. per.
O. T. Moore, of Detroit, Mich., District Director of Naturalization.

TUTTLE, District Judge. This is a petition for naturalization. The petitioner, Mrs. Mary Avilla Krausmann, was born in the United States, and in 1903 married an alien, whose wife she still is. The petitioner has never resided outside of the United States.

Section 3 of the Act of Congress of March 2, 1907 (34 Statutes at Large, 1228) provides that "any American woman who marries a foreigner shall take the nationality of her husband."

Recommendation is made by the duly designated representative of the Naturalization Service for the dismissal of this petition on the ground that the court does not have jurisdiction, for the reason that the petitioner did not, by her marriage prior to March 2, 1907, lose her American citizenship, but that she is a citizen of the United States.

In urging the dismissal of this petition, the representative of the Naturalization Service states that it is the government's contention that the Act of March 2, 1907, just quoted, was legislation which made a change in the law, and was not merely declaratory of what had previously been the rule. This court has already held, in the case of In re Drysdale. (D. C.) 20 F.(2d) 957, that "this statute was * * * merely declaratory of the common law previously prevailing." I have, however, again carefully reviewed and considered the authorities applicable, and am clearly convinced that, according to the weight of authority, the ruling in the case just cited was correct. Pequignot v. Detroit (C. C.) 16 F. 211; In re Page (D. C.) 12 F.(2d) 135.

It is unnecessary to decide whether the statutory provision just mentioned was intended to be, or, if so, was valid as, retroactive in its operation, so as to be applicable, by its own force, to marriages entered into prior to the enactment of such statute, and no opinion on that question is here expressed, although there would seem to be force in the argument. that such was the intention of Congress in the enactment of such provision.

It follows that the objection that the court does not have jurisdiction must be, and is, overruled, and it is ordered that the petitioner be admitted as a citizen of the United States.